IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Andy David Martin, II, | ) | C/A No. 0:21-1464-TMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER REGARDING** |
| | ) | **AMENDMENT OF COMPLAINT** |
| Al Cannon Detention Center, *Chaplain Services*; Captain Carter, Major Smith; Staff SGT. T. Smalls, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Andy David Martin, II, a self-represented state pretrial detainee, brings this civil rights action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for initial review pursuant to 28 U.S.C. § 1915 and § 1915A. Having reviewed the Complaint in accordance with applicable law, the court finds this action is subject to summary dismissal if Plaintiff does not amend the Complaint to cure the deficiencies identified herein.

I.  **Factual and Procedural Background**

Plaintiff is an inmate in the Al Cannon Detention Center in Charleston County. Plaintiff indicates he is converting from Roman Catholicism to Judaism, but the jail's chaplain refuses to approve him for a Kosher diet because Plaintiff is not Jewish. Plaintiff claims that the chaplain has approved Muslim inmates for religious diets, even if they are lying just to receive different food. Plaintiff claims jail officials—Defendants Carter, Smith, and Smalls—ignored the grievances Plaintiff filed about being denied a religious-based diet. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his rights to due process and free exercise of religion, seeking damages.

### II. Discussion

#### A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), including 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit, and is also governed by 28 U.S.C. § 1915A, which requires the court to review a complaint filed by a prisoner that seeks redress from a governmental entity or officer or employee of a governmental entity. See McLean v. United States, 566 F.3d 391 (4th Cir. 2009). Section 1915A requires, and § 1915 allows, a district court to dismiss the case upon a finding that the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

To state a claim upon which relief can be granted, the plaintiff must do more than make mere conclusory statements. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

This court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal

construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

**B.     Analysis**

The Complaint is filed pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Initially, the defendant named "Al Cannon Detention Center, *Chaplain Services*" is subject to summary dismissal because it is not a "person" amenable to suit pursuant to § 1983. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"). To extent Plaintiff means to sue the jail itself, the jail is a building, and not a political body or individual subject to suit. See, e.g., Nelson v. Lexington Cty. Det. Ctr., C/A No. 8:10-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that the plaintiff failed to establish that the Lexington County Detention Center, "as a building and not a person, is amenable to suit under § 1983"); see also Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Or, to the extent Plaintiff means to sue the jail's "chaplain services," such an office or group of people are not collectively amenable to suit under § 1983. See, e.g., Harden v. Green, 27 F. App'x 173, 178 (4th Cir. 2001) ("The medical department

of a prison may not be sued, because it is not a person within the meaning of § 1983."); Shadoan v. Florence Cty. Det. Ctr. Med. Dep't, No. 8:12-cv-2908 DCN JDA, 2013 WL 6408347, at *2 (D.S.C. Dec. 6, 2013) (collecting cases).[1]  Accordingly, Plaintiff fails to state a claim against this defendant upon which relief can be granted.

As to the individual defendants, they are subject to summary dismissal because Plaintiff fails to state a plausible claim that they violated Plaintiff's constitutional rights.  As to the free exercise claim,[2] Plaintiff fails to provide any facts that would plausibly show that the defendants were the cause of, or responsible for, Plaintiff not being allowed to have a religious-based diet. See Iqbal, 556 U.S. at 676 (providing that a plaintiff in a § 1983 action must plead that the defendant, through his own individual actions, violated the Constitution); see also Evans v. Chalmers, 703 F.3d 636, 647 (4th Cir. 2012) ("[C]onstitutional torts . . . require a demonstration of both but-for and proximate causation.").  Plaintiff alleges that he informed the Carter, Smith, and Smalls that he disagreed with the chaplain's decision, but Plaintiff fails to provide any facts that would show that these defendants had any authority to change Plaintiff's diet. See Williamson v. Stirling, 912 F.3d 154, 171 (4th Cir. 2018) ("Importantly, mere knowledge of such a deprivation does not suffice."); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985) (providing the defendant

---

[1] However, Plaintiff may amend his complaint to name an individual amenable to suit pursuant to § 1983.  See Harden, 27 F. App'x at 178 ("However, where a pro se litigant alleges a cause of action which may be meritorious against persons unknown, the district court should afford him a reasonable opportunity to determine the correct person or persons against whom the claim is asserted, advise him how to proceed, and direct or permit amendment of the pleadings to bring that person or persons before the court.") (citing Gordon v. Leeke, 574 F.2d 1147, 1152-53 (4th Cir.1978)).

[2] See generally Carter v. Fleming, 879 F.3d 132, 139 (4th Cir. 2018) ("In order to state a claim for violation of rights secured by the Free Exercise Clause, an inmate, as a threshold matter, must demonstrate that: (1) he holds a sincere religious belief; and (2) a prison practice or policy places a substantial burden on his ability to practice his religion.").

must have "personal knowledge of and involvement in the alleged deprivation" of the plaintiff's rights to be liable under § 1983).

As to the due process claim, the court construes this claim as asserting that the defendants' denial of Plaintiff's grievances about a religious diet violated the Fourteenth Amendment. However, the Due Process Clause is not implicated by Plaintiff filing a grievance over this issue. See Booker v. SCDC, 855 F.3d 533, 541 (4th Cir. April 28, 2017) (citing Adams v. Rice, 40 F.3d 72 (4th Cir. 1994)) ("[I]nmates have no constitutional entitlement or due process interest in access to a grievance procedure. An inmate thus cannot bring a § 1983 claim alleging denial of a specific grievance process, for example."); Adams v. Rice, 40 F.3d at 75 ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."). Therefore, Plaintiff fails to state a due process claim upon which relief can be granted.

Consequently, Plaintiff's Complaint is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) and § 1915(b)(1) for failure to state a claim upon which relief can be granted. Plaintiff is hereby granted **twenty-one (21) days** from the date this order is entered (plus three days for mail time) to file an **amended complaint** pursuant to Federal Rule of Civil Procedure 15(a) that corrects the deficiencies identified above.[3] In a contemporaneously issued order, the court has provided Plaintiff with instructions to bring this case into proper form for initial review and the issuance and service of process. In that order are instructions to fill out the standard *pro*

---

[3] Any amended complaint filed by Plaintiff is also subject to further initial review by the court pursuant to 28 U.S.C. § 1915A and § 1915A. Further, Plaintiff is reminded that an amended complaint replaces the original complaint and should be complete in itself. See Young v. City of Mount Ranier, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted); see also 6 Charles Alan Wright et al., Federal Practice and Procedure § 1476 (3d ed. 2017) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified. Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . .").

*se* prisoner complaint form attached to the order if Plaintiff wants to file an Amended Complaint. If Plaintiff fails to file an amended complaint that corrects those deficiencies, this action will be recommended for summary dismissal pursuant to 28 U.S.C. § 1915 and § 1915A.

**IT IS SO ORDERED**.

June 2, 2021  
Columbia, South Carolina

_____  
Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*Plaintiff's attention is directed to the important WARNING on the following page.*

# IMPORTANT INFORMATION . . . PLEASE READ CAREFULLY

# WARNING TO PRO SE PARTY OR NONPARTY FILERS

ALL DOCUMENTS THAT YOU FILE WITH THE COURT WILL BE AVAILABLE TO THE PUBLIC ON THE INTERNET THROUGH PACER (PUBLIC ACCESS TO COURT ELECTRONIC RECORDS) AND THE COURT'S ELECTRONIC CASE FILING SYSTEM. **CERTAIN *PERSONAL IDENTIFYING INFORMATION* SHOULD NOT BE INCLUDED IN, OR SHOULD BE REMOVED FROM, ALL DOCUMENTS *BEFORE* YOU SUBMIT THE DOCUMENTS TO THE COURT FOR FILING.**

Rule 5.2 of the Federal Rules of Civil Procedure provides for privacy protection of electronic or paper filings made with the court. Rule 5.2 applies to *ALL* documents submitted for filing, including pleadings, exhibits to pleadings, discovery responses, and any other document submitted by any party or nonparty for filing. Unless otherwise ordered by the court, a party or nonparty filer should not put certain types of an individual's personal identifying information in documents submitted for filing to any United States District Court. If it is necessary to file a document that already contains personal identifying information, the personal identifying information should be "**blacked out**" or **redacted** prior to submitting the document to the Clerk of Court for filing. A person filing any document containing their own personal identifying information **waives** the protection of Rule 5.2(a) by filing the information without redaction and not under seal.

1. Personal information protected by Rule 5.2(a):

**(a) Social Security and Taxpayer identification numbers.** If an individual's social security number or a taxpayer identification number must be included in a document, the filer may include only the last four digits of that number.
**(b) Names of Minor Children.** If the involvement of a minor child must be mentioned, the filer may include only the initials of that child.
**(c) Dates of Birth.** If an individual's date of birth must be included in a document, the filer may include only the year of birth.
**(d) Financial Account Numbers.** If financial account numbers are relevant, the filer may include only the last four digits of these numbers.

2. Protection of other sensitive personal information – such as driver's license numbers and alien registration numbers – may be sought under Rule 5.2(d) (filings made under seal) and (e) (protective orders).