IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Andy David Martin, II, | ) | C/A No. 0:21-1464-TMC-PJG |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| Captain Carter, Major Smith; Chaplain Terrance Smalls, | ) | |
| Defendants. | ) | |

    By order dated July 14, 2021, the court authorized the issuance of process and the service of the Amended Complaint. (ECF No. 18.) In the order, the court construed the *pro se* Amended Complaint as purporting to assert the following claims:

- Violation of the First Amendment's Free Exercise Clause and the Fourteenth Amendment's Equal Protection Clause pursuant to 42 U.S.C. § 1983 against the defendants.

- Violation of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc et seq., against the defendants.

    The court ordered the parties to certify that they received and reviewed the court's order construing the claims and informed the parties they could object to the court's construction. (ECF No. 29.) The defendants certified that they received and reviewed the order and did not challenge the court's construction of the pleading. (ECF No. 31.)

    The defendants filed a motion to dismiss, or in the alternative, motion for summary judgment. (ECF No. 46.) The motion does not address Plaintiff's equal protection claims or RLUIPA claims. Nor does the motion address Turner v. Safley, 482 U.S. 78 (1987), in connection with Plaintiff's free exercise claims. Also, the defendants indicate in their motion that it is not clear what relief Plaintiff seeks and assert that Plaintiff may only be seeking relief against the defendants in their official capacity. Consequently, Plaintiff filed a motion to amend the Amended Complaint to show that he also raises claims against the defendants in their individual capacities. (ECF No. 52.)

    The court clarifies that it construes the Amended Complaint as asserting the claims identified in the court's July 14 order, seeking injunctive relief and damages, against the

defendants in their individual and official capacities.[1]  Consequently, **the defendants are hereby ordered** to supplement their memorandum in support of their motion to address the following:

1. Plaintiff's claims pursuant to 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment;
2. Plaintiff's RLUIPA claims; and
3. The application of Turner v. Safley, 482 U.S. 78 (1987), to Plaintiff's claims, particularly his claims of violations of the Free Exercise Clause of the First Amendment.

The supplement should address individual and official capacity claims.  The defendants shall file their supplemental brief within **fourteen (14) days** of the date of this order.  Plaintiff may file a response to the defendant's supplemental brief within **fourteen (14) days** of service of the defendant's supplemental brief.

### REQUEST FOR THE APPOINTMENT OF COUNSEL:

Plaintiff requests the appointment of counsel in this case. (ECF No. 53.)  There is no right to appointed counsel in § 1983 cases.  Hardwick v. Ault, 517 F.2d 295 (5th Cir. 1975).  The court may use its discretion to request counsel to represent an indigent in a civil action.  See 28 U.S.C. § 1915(e)(1); Mallard v. United States Dist. Court for S. Dist. of Iowa, 490 U.S. 296 (1989).  However, such discretion "should be allowed only in exceptional cases."  Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975).  Whether exceptional circumstances are present depends on the type and complexity of the case, and the *pro se* litigant's ability to prosecute it.  Whisenant v. Yuam, 739 F.2d 160 (4th Cir. 1984), abrogated on other grounds by Mallard, 490 U.S. 296.

Upon review of the file, the court has determined that there are no exceptional or unusual circumstances presented at this time. Plaintiff indicates he cannot afford counsel and his detention limits his ability to litigate this case.  The court concludes that Plaintiff's circumstances are not exceptional for *pro se* pretrial detainees and Plaintiff has demonstrated thus far that he is capable of litigating this case in light of his circumstances.  Accordingly, Plaintiff's motion requesting counsel under 28 U.S.C. § 1915(e)(1) is denied.

### MOTION FOR ISSUANCE OF SUBPOENA:

Plaintiff moves for a subpoena of records of his inmate grievances from the detention center. (ECF No. 36.)  However, both Plaintiff and the defendants have attached those records to filings in this case.  Therefore, Plaintiff's motion is dismissed as moot.

**IT IS SO ORDERED.**

_____
March 1, 2022                                    Paige J. Gossett
Columbia, South Carolina              UNITED STATES MAGISTRATE JUDGE

---

[1] Therefore, pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiff's motion to amend is granted to reflect that the pleading asserts claims against the defendants in their individual and official capacities. (ECF No. 52.)