# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Andy David Martin II, )<br>)<br>   Plaintiff, )<br>)<br>v. )<br>)<br>Captain Carter; Major Smith; and )<br>Chaplain Terrance Smalls, )<br>)<br>   Defendants. )<br>_____ ) | Civil Action No. 0:21-cv-1464-TMC<br><br>**ORDER** |

Plaintiff Andy David Martin II, a pretrial detainee proceeding *pro se* and *in forma pauperis*, brought this civil action pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc *et seq*. (ECF No. 14). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d),(e) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. Defendants filed a motion to dismiss or, in the alternative, for summary judgment. (ECF No. 46).[1] The magistrate judge issued a Report and Recommendation ("Report"), (ECF No. 73), and Plaintiff filed objections to the Report, (ECF No. 76). This matter is now ripe for review.

---

[1] Plaintiff filed a response in opposition to the motion, (ECF No. 51), and Defendants filed a reply, (ECF No. 54). Defendants also filed a supplement in support of their motion, (ECF No. 65), to which Plaintiff replied, (ECF No. 70). Plaintiff further filed a sur-reply, (ECF No. 57), which the magistrate judge refused to consider, noting that the Local Rules do not provide for the submission of sur-replies. (ECF No. 73 at 1 n.1). The magistrate judge additionally concluded that, in any event, consideration of the sur-reply would not have altered the recommendation to this court. *Id*. This court does not permit sur-replies absent good cause and leave of court. (ECF No. 54 at 2 n.2 (citing *Brown v. Dennis*, No. 4:19-cv-2790-TMC, 2021 WL 805664, at *3 (D.S.C. Mar. 3, 2021))). Plaintiff has not objected to the magistrate judge's refusal to consider the sur-reply, and this court independently perceives no good cause for doing so.

## I. Summary

The Report summarizes in detail Plaintiff's allegations and assertions against Defendants, viewing the record in a light most favorable to Plaintiff. (ECF No. 73 at 2–4). As Plaintiff did not specifically object to this portion of the Report, the court incorporates the magistrate judge's recitation of background facts and, therefore, recounts them only briefly herein. From May to July 2018, while he was detained at the Charleston County Detention Center ("CCDC"), Plaintiff filed numerous grievances regarding his requests that he be placed on a kosher diet as required by his conversion to Judaism. *Id*. at 2. Defendant Terrance Smalls ("Smalls"), chaplain for the CCDC, generally responded to the grievances, indicating that he would refer Plaintiff to Defendants Major Smith ("Smith") and Captain Carter ("Carter"). *Id*. Plaintiff continued to file grievances claiming that he had not spoken to Smith or Carter and still had not been placed on a kosher diet. *Id*. CCDC records reflect that, on July 13, 2018, the matter had been closed because Plaintiff had been released or transferred from CCDC. (ECF No. 46-5 at 2). In March 2021, Plaintiff was again detained at CCDC and signed up to participate in a Passover service. (ECF No. 73 at 3). He also filed a grievance complaining he had never been afforded kosher meals during his previous detention. *Id*. During both periods of detention, Plaintiff purchased non-kosher items from the canteen. *Id*. Smalls interviewed Plaintiff about his faith and the request for Passover participation was subsequently denied. *Id*. According to Plaintiff, Smalls did not similarly interview detainees who sought diets for other faith traditions.

Plaintiff filed this action in May 2021, asserting that Defendants had violated his first and fourteenth amendment rights as well as his rights under the provisions of RLUIPA. (ECF Nos. 1; 14). In support of the motion to dismiss or, in the alternative, for summary judgment, Carter and Smith filed affidavits indicating they did not have the authority to grant or deny requests for kosher

meals and that such decisions were made solely by the chief deputy. (ECF Nos. 46-2; 46-3). Smalls also filed an affidavit, attesting that Plaintiff's requests for kosher meals were denied pursuant to CCDC policy because he purchased non-kosher items from the canteen. (ECF No. 46-4). Nonetheless, Plaintiff was subsequently approved for a kosher diet. (ECF No. 46-7 at 1).

In the Report, the magistrate judge recommended that the court grant Defendants' motion. (ECF No. 73). With respect to Plaintiff's claim for damages against the Defendants in their official capacities, the magistrate judge concluded that, because Defendants are employed by the sheriff, they are not amenable to suit under § 1983 because the sheriff is an agent of the state in South Carolina and is covered by the state's sovereign immunity from suit. *Id*. at 6. The magistrate judge likewise concluded that Defendants are immune from official-capacity claims for damages asserted pursuant to RLUIPA. *Id*. at 6 n.4. The magistrate judge further determined that Plaintiff's claims for injunctive relief against Defendants in their official capacities are moot since CCDC approved Plaintiff's kosher diet in November 2021 and, therefore, Plaintiff "has received the only equitable remedy he seeks in this lawsuit." *Id*. at 7.

Regarding Plaintiff's individual capacity claims, the magistrate judge found that Plaintiff failed to "put forth any evidence that the [D]efendants violated his constitutional rights." *Id*. Specifically, the Report explains that "the undisputed evidence in the record shows that [Plaint] was originally denied participation in the kosher meal program because the detention center's policy forbade participation in the program for inmates who purchased non-kosher canteen items" and that there was "no evidence that Smalls, Smith, or Carter had any involvement in creating that policy." *Id*. at 8. The magistrate judge also concluded that the RLUIPA does not authorize a private right of action against the Defendants in their individual capacities. *Id.* at 7 n.5.

3

Accordingly, the magistrate judge recommended that the court dismiss Plaintiff's official capacity claims and grant summary judgment as to Plaintiff's individual capacity claims. *Id*. at 7, 9.

## II. Standard of Review

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id*. at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g., Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

### III. Discussion

Although Plaintiff filed objections to the Report, (ECF No. 76), he makes no specific challenges to any of the magistrate judge's findings or conclusions. Instead, Plaintiff essentially repeats his factual allegations. It is well-settled in this circuit that "an objection that merely repeats the arguments made in the briefs before the magistrate judge is a general objection and is treated as a failure to object." *Jesse S. v. Saul*, No. 7:17-cv-00211, 2019 WL 3824253, at *1 (W.D. Va. Aug. 14, 2019); *see also Nichols v. Colvin*, No. 2:14-cv-50, 2015 WL 1185894, at *8 (E.D. Va. Mar. 13, 2015) (finding that the rehashing of arguments raised to the magistrate judge does not comply with the requirement to file specific objections). Indeed, a district court "may reject perfunctory or rehashed objections to R&Rs that amount to a second opportunity to present the arguments already considered by the Magistrate Judge." *Heffner v. Berryhill*, No. 2:16-cv-820, 2017 WL 3887155, at *3 (D.S.C. Sept. 6, 2017) (internal quotation marks omitted). Plaintiff's objections, therefore, are overruled.

Having thoroughly reviewed the record, the parties' filings, and the Report under the appropriate standards, the court finds no error in the magistrate judge's Report and finds no reason to deviate from the disposition recommended therein. Thus, for the reasons set forth herein, the court **ADOPTS** the Report in its entirety (ECF No. 73) and incorporates it herein. Accordingly, Defendants' motion to dismiss or, in the alternative, for summary judgment is (ECF No. 46) is **GRANTED**.[2]

**IT IS SO ORDERED**.

---

[2] Together with his objections, Plaintiff filed a third motion for the appointment of counsel. (ECF 75). Plaintiff's two previous motions for the appointment of counsel (ECF Nos. 53; 60) were denied by the magistrate judge who noted that there is no right to appointed counsel in § 1983 cases and found that no exceptional or unusual circumstances existed to warrant the discretionary appointment of counsel. (ECF Nos. 61 at 2; 72). The court concludes that Plaintiff has again failed to identify any exceptional or unusual circumstances in his third motion for the appointment of counsel. Accordingly, this motion (ECF No. 75) is **DENIED**.

s/Timothy M. Cain<br>United States District Judge

June 9, 2022
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.